**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| MYA D. COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01493-TWP-MKK |
| | ) | |
| MONROE COUNTY COMMUNITY SCHOOL | ) | |
| CORPORATION, | ) | |
| BLOOMINGTON HIGH SCHOOL NORTH, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS</u>

This matter is before the Court on a Motion for Bill of Costs (Filing No. 42) and Defendants' Motion for Attorneys' Fees (Filing No. 44) filed by Defendants Monroe County Community School Corporation and Bloomington High School North ("North"), (collectively, the "Defendants"). The Court granted Plaintiff Mya Coleman's ("Plaintiff" or "Coleman") voluntary dismissal with prejudice (Filing No. 39), on October 10, 2025. (Filing No. 41). Defendants soon after filed the two pending motions. For the reasons stated below, Defendants' Motion for  Bill of Costs is **granted** and their Motion for Attorneys' Fees is **denied**.

### I.     <u>BACKGROUND</u>

Coleman, a student at North, initiated this action on August 8, 2024 in state court, alleging deprivation of constitutional rights under 42 U.S.C. § 1983 ("Section 1983"), sex discrimination under 20 U.S.C. § 1681 ("Title IX"), and negligence under Indiana law. These claims relate to Defendants' investigation and resolution after Coleman allegedly experienced sexual harassment on the school bus from another student (Filing No. 1-2). Defendants removed the case to federal on September 3, 2024 (Filing No. 1). Defendants did not file a motion to dismiss or motion for

judgment on the pleadings, and discovery proceeded. On June 17, 2025, Coleman's deposition was taken. During her deposition, Coleman testified that she could not identify a single policy, practice or custom that led to her alleged damages (Filing No. 35-3 at 134) and she agreed that the Defendants' action of banning the other student from the bus and from speaking or interaction with her was a reasonable response from the school. *Id*. at 123.

Defendants filed a Motion for Summary Judgment on September 8, 2025 (Filing No. 45). The next day, September 9, 2025 Defendants' counsel sent a letter to Coleman's counsel, citing 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11, requesting that Coleman "voluntarily dismiss her claims based upon the summary judgment record" because "Plaintiff's claims are no longer viable—principally due to her deposition testimony." (Filing No. 45-6). The letter concluded by stating:

> In sum, 28 U.S.C. § 1927 and Rule 11, Defendants respectfully request that Plaintiff voluntarily dismiss her claims with prejudice. If Plaintiff does not do so, Defendants reserve the right to pursue sanctions and recovery of their attorneys' fees and costs incurred in defending against this action.

*Id.* at 2.

Coleman filed a Motion to Dismiss with Prejudice less than one month later on October 6, 2025, which the Court granted after a response from Defendants indicating no objection (Filing No. 39; Filing No. 40; Filing No. 41). Specifically, in her Motion for Voluntary Dismissal with Prejudice under Fed. Rule Civ. P. 41(a)(2), Coleman requested "voluntary dismissal of all claims in this action with prejudice, *with each party to bear their own costs and attorneys' fees*" (Filing No. 39 at 1) (emphasis added). Defendants responded that they do not object to dismissal of all claims in this action with prejudice, but "reserve their right to purse relief pursuant to Federal Rule of Civil Procedure 54(d), as well as other post-judgment relief." Filing No. 40 at 1. The Court's

Order granting dismissal considered the terms of Coleman's Motion for Voluntary Dismissal with Prejudice "proper" and all claims in this action were dismissed with prejudice (Filing No. 41).

On October 23, 2025, Defendants filed their Motion for Bill of Costs (Filing No. 42), supporting declaration (Filing No. 43), and a Motion for Attorney Fees pursuant to 28 U.S.C. § 1927 (Filing No. 44). Coleman responded in opposition to the request for attorney fees (Filing No. 48), and Defendants replied (Filing No. 50). The motions are now ripe for the Court's review.

## II.    **LEGAL STANDARD**

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates "a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the district court's discretion." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Id.* Absent a showing of clear abuse of discretion, a district court's award of costs will not be overturned "[a]s long as there is statutory authority for allowing a particular item to be taxed as a cost." *Id.*

"Statutory authority exists for the award of costs in this case." *Cengr v. Fusibond Piping Sys., 135 F.3d 445, 454* (7th Cir. 1998). Under 28 U.S.C. § 1920, a federal court may tax as costs:

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. When awarding costs, district courts exercise discretion in determining whether the costs were reasonable and necessary to the litigation. *Cengr*, 135 F.3d at 453–54.

The American rule regarding an award of attorney's fees is that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010).

Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted).

### III.   **DISCUSSION**

Defendants filed their Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, asking the Court to award costs that it incurred in defending against this litigation, which are permitted to be taxed under Section 1920. They filed a separate Motion for Attorneys' Fees pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11, as a sanction because Plaintiff's counsel did not move for dismissal earlier in the proceedings, despite their repeated request that he do so.  The Court will address each motion in turn.

### A. Motion for Bill of Costs

Defendants are entitled to their costs, and they are the prevailing party here because "a voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning[[of Rule ]]54." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003)(citation omitted)(alteration in original). Specifically, in the context of Rule 41 dismissals with prejudice, the Seventh Circuit has found "nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor." *Id.* at 710. Moreover, Coleman did not file a response to the Motion for Costs. The Declaration of Counsel (Filing No. 43) supports costs totaling $3,092.80. Accordingly, the unopposed Motion for Bill of Costs (Filing No. 42) is **granted**, and the Clerk is directed to enter taxation of costs.

### B. Motion for Attorney Fees

Defendants argue that attorney fees are proper here because

"Plaintiff's counsel knew there was no evidence of a custom, policy or practice that caused Plaintiff damage (thus, her Section 1983 was without any factual basis); knew that the facts could not clear the high bar of deliberate indifference set for Title IX student-on-student harassment claims; and knew that Plaintiff testified that what Defendants did was reasonable, Plaintiff's counsel, in violation of 28 U.S.C. § 1927, should not have filed this case, and should have dismissed it long before Defendants incurred costs of discovery and defending this case."

(Filing No. 45 at 9).

Counsel for Coleman concedes that Coleman's June 2025 deposition testimony "included many unexpected statements, including some that seemed contrary to undersigned counsel's earlier understanding of the facts" but counsel argues that this is not out of the ordinary to occur in litigation and does not suggest that counsel vexatiously multiplied the proceedings or had reckless indifference to the law (Filing No. 48 at 2). The Court agrees.

5

Just because Defendants claimed early in the proceedings that Coleman's claims were frivolous, does not make them so. And as Coleman points out, if the claims were frivolous Defendants could have taken "advantage of the procedural tools that would have disposed of the claims long before their fees accrued, if, as they claim, Plaintiff's claims were 'frivolous from day 1.'" (Filing No. 48 at 1). Instead, the docket in this case shows that the parties litigated this action appropriately for nearly a year by engaging in discovery, and following the deadlines established in their Case Management Plan, including Defendants making a settlement offer—all before Defendants elected to file a dispositive motion on September 8, 2025.

In Defendants' September 9, 2025 letter, Defendants write that "Plaintiff's claims are no longer viable—*principally due to her deposition testimony*. Her Section 1983 claims fail because there is no evidence of any policy, custom, or practice that led to Plaintiff's alleged damage." (Filing No. 45-6 at 1). Defendants then request that Plaintiff voluntarily dismiss her claims with prejudice. *Id*. Defendants warn that if "Plaintiff **does not do so**," then they "reserve the right to pursue sanctions and recovery of attorneys' fees and costs." *Id.* at 2. The letter does not specify a time to respond to the request.

Plaintiff requested voluntary dismissal *with each party bearing its own costs and fees* less than a month later in reliance on the terms in the settlement offer. The Court is persuaded that Coleman voluntarily dismissed her claims "in the good-faith belief" that Defendants would not seek sanctions if she complied with their request (Filing No. 48 at 3), especially since Plaintiff believed her state tort claim for negligent supervision remained viable and meritorious. *Id.*

It appears that Plaintiff's counsel complied with Rule 11 as following Coleman's deposition, counsel moved to dismiss the entire action. Exercising the discretion to award attorney fees as a sanction is appropriate when frivolity or bad faith is involved. Coleman's decision to dismiss based

on Defendants' letter convinces the Court there was no bad faith. In a case where frivolity or bad faith is lacking— which the Court determines to be the case here—following the American rule regarding an award of attorney's fees is appropriate: "Each litigant pays his own attorney's fees, win or lose." *Hardt*, 560 U.S. at 253. Accordingly, Defendants' Motion for Attorney Fees is **denied**.

## IV.    **CONCLUSION**

For the reasons explained in this Order, Defendants' Bill of Costs (Filing No. 42), is **GRANTED** and the **Clerk is directed** to tax costs in the amount of $3,092.80. Defendants' Motion for Attorneys' Fees as a sanction under 28 U.S.C. § 1927 or Rule 11 (Filing No. 44), is **DENIED**.

**SO ORDERED.**

Date:    3/18/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Lonnie D. Johnson
CLENDENING JOHNSON & BOHRER, P.C.
ljohnson@lawcjb.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jmayes@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Justin Karl Schwemmer
CLENDENING JOHNSON & BOHRER, P.C.
jschwemmer@lawcjb.com

7